UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOUIS LEVIN,

          Plaintiff,

v.                                                           Case No: 6:20-cv-1725-DCI

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying an application for a period of disability and disability insurance benefits. The Claimant also protectively filed an application for supplemental security income. In a decision dated August 14, 2019, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from September 15, 2017, through the date of the decision. R.28. Having considered the parties' memorandum and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

    **I.**    **Issues on Appeal**

Claimant argues on appeal that (1) the ALJ failed to properly evaluate subjective complaints of pain; and (2) the record does not support the ALJ's finding that Claimant's anxiety was not a severe impairment. Doc. 24.

    **II.**    **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards.

> Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed the claim after March 27, 2017, so the revised regulations apply in this action.

### III. Discussion

**A. Issue One: Whether the ALJ properly evaluated Claimant's subjective complaints of pain**

Claimant states that the ALJ did not offer a legally sufficient justification for rejecting his testimony about his pain. Doc. 24 at 12. Claimant provides several arguments in support of issue one, but none entitle him to relief.

First, Claimant contends that the ALJ's decision that the physical examinations have overall demonstrated benign findings does not take into account "several markedly abnormal examinations in the record." *Id*. Claimant points to notes from the Pain Center after his back injury which reflect that he had a stooped and "somewhat antalgic gait, and increased pain with range of motion testing." *Id*. Claimant states that one month later, he continued to have increased pain with range of motion testing, and it took some effort to transition from sitting to standing. *Id*. Also, Claimant states that physical therapy records showed reduced motor strength in his hips and both lower extremities and reduced range of motion in his lumbar spine. *Id*. Claimant argues that

the ALJ's decision does not show a diligent consideration of both favorable and unfavorable findings in the record. *Id*.

Second, Claimant contends that the ALJ's decision does not adequately address the factors listed in §§ 404.1529(c)(3) and 416.929(c)(3). *Id*. at 14. Claimant asserts that the ALJ did not discuss Claimant's daily activities. *Id*. Claimant states that he has difficulty bathing and dressing; needs assistance in preparing more elaborate meals; requires frequent rest breaks when vacuuming his apartment; and brings a fan and water with him to shop which is limited to not more than 30 minutes at a time. *Id*. at 14. Claimant argues that since the decision fails to address his daily activities, the case should be remanded. *Id*. at 15.

Third, Claimant states that the ALJ emphasized that the doctors recommended conservative or non-invasive measures for his pain, but he also received a relatively strong pain medication such as Percocet which is inconsistent with a finding that treatment was only "conservative." *Id*. Claimant contends that the ALJ's failure to consider his need for strong painkillers is not supported by substantial evidence. *Id*.

Finally, Claimant argues that the ALJ did not adequately explain the finding that he would be off task for only five percent of the workday. *Id*. Claimant states that the ALJ accepted the testimony regarding the pain and the RFC should have reflected his statement that he needed to lie down for up to two hours. *Id*.

The Commissioner challenges Claimant's assignments of error, arguing that the RFC is supported by substantial evidence and the ALJ's assessment of Claimant's subjective statements was proper. *Id*. at 16.

The Eleventh Circuit has established a three-part "pain standard" for the Commissioner to apply in evaluating a claimant's subjective complaints. The standard requires: (1) evidence of an

- 3 -

underlying medical condition; and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as:  (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms."  *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)); *see also* 20 C.F.R. § 416.929.

Here, the ALJ found that Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  R. 24.  The ALJ stated that Claimant testified at the hearing that he could not work due to severe pain in his lower lumbar, hips, neck, and spinal stenosis.  *Id*.  Claimant indicated that he has arthritis in his hips and mentioned that he has severe spasms which are not controllable and cause him to fall.  *Id*.  Claimant testified that if there is a wall, he tries to hold onto it and he uses a walking stick, and uses a cane/walking pole to keep balance when walking.  *Id*.  Even so, the ALJ determined that Claimant was more than capable of performing work activity consistent with the RFC after evaluating the objective medical evidence in the record.  *Id*.

The Court agrees with the Commissioner that substantial evidence supports the ALJ's analysis of Claimant's allegations.  The ALJ discussed Claimant's testimony and his symptoms in

detail, articulated several grounds for finding that Claimant's testimony is inconsistent with the record, and considered Claimant's diagnostic tests, physical, and conservative treatment history. *Id*. Specifically, the ALJ evaluated Claimant's physical and mental impairments and analyzed the testing with respect to the lumbar deficits including MRIs and the benign findings from Claimant's exams. *Id*. at 25. The ALJ found that the exams reflected normal pulses and reflexes, negative straight leg raise, intact sensation, intact strength as well as "normal, coordinated, and smooth gait and stance." *Id*. Despite Claimant's allegation that he is disabled because of the lumbar impairment, the ALJ found that the providers elected conservative treatment noting that the Claimant indicated that he wanted to pursue injections, he worked with physical therapy and was eventually discharged, and testified that he only took pain medication if the pain was severe. *Id*.

The ALJ also found that Claimant was diagnosed with Type II and diabetic neuropathy and received diabetic foot care, but the record generally described his diabetes as controlled, and the record failed to reveal any disabling limitation related to this impairment. R. 25-26. The ALJ discussed Claimant's body mass and found that he reported that he was working on his diet and lost weight, his provider indicated that Claimant was improving, and exams generally showed conservative findings without evidence that Claimant had ineffective ambulation or limited motion due to the obesity. R. 26.

Additionally, the ALJ considered the medical opinions regarding Claimant's ability to do physical activity such as standing, walking, and climbing and to be exposed to irritants and hazards, and the opinions relating to Claimant's mental functioning. *Id*. Overall, the ALJ compared these findings with Claimant's testimony and developed the RFC with additional postural, environmental, and work limitations. R. 26.

The Court concludes that the ALJ's articulated reasons support his determination, including his citation to the medical evidence of record concerning the nature of Claimant's symptoms and his statements regarding his pain. Claimant's specific arguments do not change this ruling. With respect to Claimant's contention regarding his daily living, the Court does not agree that the ALJ failed to address those activities. The decision shows that the ALJ considered Claimant's condition as a whole and discussed Claimant's report that he texts, talks, emails, eats socially, shops, walks, watches television, reads books and music, prepares simple meals, cleans, does laundry, and vacuums. R. 21-22. Also, Claimant has not explained how any of the specific activities he lists are inconsistent with the RFC or consistent with his alleged disabling symptoms. *See Bliven v. Comm'r of Soc. Sec.*, 2014 WL 4674201, at *9 (M.D. Fla. Sept. 18, 2014) (finding that the claimant failed to show how his daily living activities were inconsistent with the RFC.). In any event, the Court finds that the ALJ adequately considered Claimant's complaints of subjective pain.

Likewise, the Court is not persuaded that Claimant is entitled to relief based on the off-task argument. The ALJ stated that she "limited the claimant in off tasks limitations due to his testimony that he has difficulty functioning daily due to severe pain (Hearing)." R. 26. While Claimant contends the ALJ should have accepted his allegation that he needs to lie down, the ALJ discussed in detail how the record as a whole fails to support greater limitations.

Moreover, the Court does not agree with Claimant's statement that the ALJ failed to consider his need for strong pain killers. The ALJ may not have specifically listed Percocet, but she discussed Claimant's prescription for Hydrocodone and Flexeril. R. 25. With respect to finding that the use of the medication was considered conservative, the ALJ found that Claimant testified that he only takes the pain medication if the pain is severe. *Id*.; *see* R. 49. Claimant does

not dispute this finding and concedes that his physician advised against surgery after reviewing his MRI.  In sum, the ALJ meaningfully discussed how she considered Claimant's pain in connection with the record including the pain medication and Claimant has failed to meet his burden of providing sufficient evidence to support his allegation.

The evidence is inconsistent with Claimant's testimony concerning his limitations and the ALJ's determination is supported by substantial evidence.

**B. Issue Two:   Whether the record supports the ALJ's finding that Claimant's anxiety was not a severe impairment**

The ALJ found that Claimant has the following severe impairments:  lumbar degenerative disc disease; lumber canal and foraminal stenosis; obesity; and diabetes mellitus with neuropathy (20 CFR 404.1520(c) and 416.920(c)).  R. 20.  Claimant argues that the ALJ erred in finding that his anxiety disorder was not a severe impairment.  Doc. 24.  Claimant states the evidence shows that he had at least a moderate limitation in interacting with other people.  *Id*. at 23.  Claimant states that his mental status examinations showed an anxious mood, he reported having panic attacks, "[h]e observed that he was overwhelmed when he was around crowds of people," and his "psychomotor activity was restless."  *Id*.  Claimant adds that his ability to interact with familiar people does not show that he would be able to interact with unfamiliar coworkers or with the public as the treatment notes show that he has anxiety around crowds and has suffered panic attacks.  *Id*.  As such, Claimant contends that the ALJ should have found that his anxiety limits his ability with supervisors, coworkers, and the general public.  *Id*.

Further, Claimant argues that the ALJ gave insufficient consideration to the report of consultative psychologists Dr. Austin and Dr. Ruiz because "the doctors wrote that [Claimant's] 'social functioning and functional ability are limited based on the reported medical conditions and anxiety symptoms.'"  *Id*. at 23-24, citing R. 530.  Also, Claimant contends that the error was not

harmless because the ALJ failed to include any mental health limitations in the RFC assessment. *Id*. at 25.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. §§ 404.1520(c) and 416.920. "This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Thus, the finding of a single severe impairment satisfies step two. *See id.* The failure to find additional severe impairments is harmless error if the ALJ considers all of the claimant's impairments (severe and non-severe) in combination throughout the rest of the sequential evaluation process. *See, e.g., Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 914-915 (11th Cir. 2014); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951-52 (11th Cir. 2014).

Here, the ALJ found that Claimant suffered from several severe impairments. R. 20. Thus, the ALJ satisfied step two. *Jamison*, 814 F.2d at 588. Notwithstanding, the ALJ applied the correct legal standard when considering Claimant's mental impairments and limitations in determining whether the impairment was severe. Namely, the ALJ properly applied the "special technique" for evaluating mental impairments, which involves rating the degree of functional limitation based on the extent the mental impairment interferes with the claimant's ability to function independently, appropriately, effectively, and on a sustained basis as to the following four broad functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.

20 C.F.R. §§ 404.1520a(b), (c) and 416.920a(b), (c). The ALJ must assign a rating of none, mild, moderate, marked, or extreme limitation in each area of functioning. 20 C.F.R. §§ 404.1520a(c) and 416.920a(c).

As the Commissioner points out, Claimant does not allege that the ALJ erred in the assessment of the limitations in understanding, remembering, or applying information, concentration, persistence, or pace; or adapting or managing oneself. Since Claimant's issue concerns his ability to interact with others and, therefore, any argument regarding the other limitations is deemed waived, the following excerpt only includes the ALJ's finding with respect to that functional area.

In relevant part, the ALJ found the following at step two of the sequential analysis:

*Anxiety disorder*

The claimant's medically determinable mental impairments of anxiety disorder considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe.

The record confirms a diagnosis of generalized anxiety disorder (Exhibit 10F). Even though he alleges severe anxiety, he testified that his anxiety is not a primary reason for his alleged inability to work (Hearing). The record reveals that the claimant was treated with medications for his symptoms and he generally reported improvement in his symptoms with his medications (Exhibit l5F/10; 9F/6; l 7F/5). As such, the claimant's mental status exams often revealed normal findings including normal and euthymic mood; normal judgment/insight; well oriented; good memory; board range of affect without depression, anxiety, or agitation; good eye contact; cooperative attitude; logical abstract reasoning; appropriate thought process; and intact associates (Exhibit 13F/19; l5F/7; 9F/6; 16F/l; l 7F/4, 10, 17, 23, 29). He also had a PHQ-9 score of five, which is considered mild depression symptoms (Exhibit l 7F/5, 12).

Furthermore, even though the claimant alleges severe mental symptoms, the record reveals that he did not seek outpatient mental health treatment until recently. For instance, he began mental health treatment with Orlando Health Behavioral in May 2019 through July 2019 (Exhibit 17F/l).

> The claimant attended a consultative exam with Dr. William Austin and Melisa Ruiz in July 2018.  The consultative exam findings further undermine any allegations of a severe mental impairment. For example, on exam, the claimant demonstrated fair attention and concentration, good memory, good insight and judgment, good impulse control, logical and coherent thought process, and normal speech (Exhibit 10F). He received a final impression of generalized anxiety disorder.
>
> Overall, the record reflects that the claimant does not have a longitudinal treatment history, outpatient treatments throughout his relevant period of disability, or inpatient hospitalizations. The record also does not reflect that the claimant's appointments were more frequent due to increasing mental symptoms, changes in medication or increases in medication, changes in clinical signs, or test results that would support severe mental impairments.
>
> In making this finding, the undersigned has considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of lmpairments (20 CFR, Part 404, Subpart P, Appendix 1). These four areas of mental functioning are known as the "paragraph B"  criteria.
>
> ***
>
> The next functional area is interacting with others. In this area, the claimant has a mild limitation. The claimant did not allege any difficulty getting along with others including friends, family, neighbors (Exhibit 6E). He mentioned that he talks, text, email, and eat socially (Exhibit 6E). He indicated that he shops and walks around his complex for five to ten minutes maximum (Exhibit 6E). He said he gets along with authority figures such as police and law enforcement (Exhibit 6E). The record fails to reveal any evidence of difficulty relating to his treating providers (Exhibit 1F-15F). Thus, the undersigned finds mild limitations in this area of functioning.
>
> ***
>
> Because the claimant's medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas, they are nonsevere (20 CFR 404.1520a(d)(l) and  416.920a(d)(l)).

R. 21-22.

Under the regulations, if the ALJ rates the degrees of limitations as "none" or "mild" then the ALJ generally concludes that the impairment is non-severe unless the evidence otherwise indicates that there is more than a minimal limitation in the ability to perform basic work activities.

Here, the ALJ adequately considered the medical evidence, including Drs. Austin and Ruiz's evaluation, and found only a mild limitation with respect to the anxiety disorder. The ALJ thoroughly noted what were generally normal findings during the mental status and consultative exams and a lack of a longitudinal treatment history which was followed by the express consideration of the four broad areas of mental functioning set out in the disability regulations. Notably, with respect to Claimant's ability to interact, the ALJ relied on Claimant's function report wherein Claimant denied any problems getting along with family, friends, neighbors, or *others* which would seem to include co-workers or supervisors or people not familiar to him. *See* R. 21, citing Ex. 6E (emphasis added). The ALJ also cites to more of Claimant's answers regarding social activities and other "information about abilities." R. 21-22.

So, while Claimant asserts that the ALJ should have found that his anxiety disorder resulted in moderate limitations, the Court agrees with the Commissioner that the ALJ appropriately assessed only mild limitations in Claimant's social interaction, which is actually consistent with Drs. Austin and Ruiz's determination that Claimant's social functioning or functional ability were limited.[1] Just not to the degree that Claimant seeks to extend the limitation. In sum, the ALJ adequately considered at step two the record regarding Claimant's ability to interact and the finding that the anxiety disorder was not a severe impairment.

But, as mentioned previously in this Order, the Court's analysis does not end there. The ALJ must consider all impairments (severe and non-severe) in combination throughout the rest of the sequential process. *See Griffin v. Comm'r of Soc. Sec.*, 560 F.App'x 837, 842 (11th Cir. 2014)

---

[1] The ALJ recognized that Claimant was diagnosed with generalized anxiety disorder. R. 20, citing Ex. 10F. However, Drs. Austin and Ruiz's diagnosis of an anxiety disorder is not considered a medical opinion because it does not necessarily provide perspectives about the claimant's functional abilities and limitations. 20 C.F.R. §§ 404.1513(a)(2), (3).

("[B]eyond the second step, [however,] the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling."); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (finding that even if substantial evidence does not support the ALJ's finding that the claimant's mental impairments were non-severe, the decision could be harmless if the ALJ proceeded in the sequential evaluation, duly considered the claimant's mental impairment when assessing his RFC and reached conclusions about the Claimant's mental capabilities supported by the evidence.).

On this point, Claimant concludes his severe impairment argument with the contention that the ALJ's error was not harmless because she failed to include any mental health limitations in the RFC assessment. Doc. 24 at 25.[2] The Court does not agree. While it appears that the RFC was limited to Claimant's physical abilities, at step four of the analysis the ALJ specified that all symptoms were considered and the ALJ also included a section on the "mental opinions/findings." R. 23, 27-28.

Again, the ALJ addressed at this step Claimant's allegation that he suffers from severe anxiety and reiterated that Claimant testified that his anxiety is not a primary reason for his alleged inability to work and the mental status exams "often revealed normal findings." R. 27. The Court notes that the RFC determination did not soley rely on reports of "good days,"[3] but the ALJ further

---

[2] While the ALJ did not expressly mention Claimant's anxiety disorder at step three and Claimant focuses on the RFC at step four, the ALJ did find that Claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." R. 22. This finding sufficiently demonstrates that the ALJ considered the individual and combined effects of Claimant's impairments at step three of the sequential evaluation process. *See Tuggerson-Brown*, 572 F. App'x at 951-52 (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002)).

[3] *See, e.g.*, *Schink*, 935 F.3d at 1268 ("We agree with our sister Circuits that people with chronic diseases can experience good and bad days. And when bad days are extremely bad and occur

explains that Claimant was treated with medications for his symptoms and generally reported improvement. R. 27. Also, the ALJ discussed Dr. J. Patrick Peterson's opinion that Claimant has "no limitations in interact with others" and found it persuasive. *Id*.

Moreover, despite Claimant's contention that the ALJ erred by focusing on Claimant's ability to interact with friends and family without considering his limitations in dealing with strangers citing to his anxiety around crowds (Doc. 24 at 23), the ALJ specifically found that Claimant has "some mild limitations in social interaction due to is [sic] allegations of some difficulty around crowds." R. 27. While Claimant may disagree with that decision, he fails to show how any alleged error warrants relief.

Since the ALJ determined that Claimant suffered from multiple severe impairments at step two; proceeded beyond that step in the sequential analysis; and adequately considered Claimant's mental functioning, including his anxiety and ability to interact with others in the latter steps of the decision; the Court finds no reason to disrupt the ALJ's determination based on Claimant's arguments.

Finally, the Court notes that Claimant mentions that under the revised regulations the ALJ must evaluate whether any medical opinions in the administrative record are persuasive including Drs. Austin and Ruiz's statement that Claimant's social functioning and functioning ability are limited. Doc. 24 at 24, citing 20 C.F.R. § 404.1520c(b)(1).

The Court finds that this type of argument is inadequate and is deemed waived. Claimant's brief synopsis of the law and conclusory statement fail to explain why the report is to be considered a medical opinion under the revised regulations or provide any discussion of how that regulation

---

with some frequency, they can severely affect a person's ability to work."); *see also, e.g., Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1106 (11th Cir. 2021).

applies to a severe impairment finding, which is the focus of this issue. In other words, Claimant has not tied any of the alleged errors to any citation of legal authority that would entitle him to relief. *See Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019) ("For an issue to be adequately raised in the opening brief, it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)). Accordingly, the argument is not properly before the Court. *See Jacobus v. Comm'r of Soc. Sec.*, 2016 WL 6080607, at *3 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned.).

Assuming arguendo Claimant has provided enough on persuasiveness to bypass waiver, the Court agrees with the Commissioner that Drs. Austin and Ruiz's notes do not offer a medical opinion that the ALJ was required to evaluate pursuant to 20 C.F.R. §§ 404.1520c and 416.920c (2017). Again, there is no merit to the claim.

### IV.  Conclusion

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on January 10, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE